# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| ROSELYNN NOGGY,<br><br>Plaintiff(s)<br><br>v.<br><br>NOVO NORDISK A/S and NOVO NORDISK INC.,<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND<br><br>CIVIL ACTION NO.: _____ |

## SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503).

1

# IDENTIFICATION OF PARTIES

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Roselynn Noggy.

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: _____, as _____ of the estate of _____, deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): _____.

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services: _____.

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

      ✓    Novo Nordisk Inc.

      ✓    Novo Nordisk A/S

      _____    Eli Lilly and Company

      _____    Lilly USA, LLC

      _____    other(s) (identify): _____

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

McMechen, West Virginia.

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

West Virginia.

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

West Virginia.

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

McMechen, West Virginia.

10. Jurisdiction is based on:
    ✓ diversity of citizenship pursuant to 28 U.S.C. § 1332
    ___ other (plead in sufficient detail as required by applicable rules):

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

Northern District of West Virginia.

12. Venue is proper in the District Court identified in Paragraph 11 because:

   __✓__ a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there;

   _____ other (plead in sufficient detail as required by applicable rules):

   _____

   _____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

   _____

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

    __✓__ Ozempic (semaglutide)

    _____ Wegovy (semaglutide)

    _____ Rybelsus (oral semaglutide)

    _____ Victoza (liraglutide)

    _____ Saxenda (liraglutide)

    _____ Trulicity (dulaglutide)

    _____ Mounjaro (tirzepatide)

    _____ Zepbound (tirzepatide)

    _____ Other(s) (specify): _____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

July 2022 to February 2024.

## INJURIES AND DAMAGES

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

- _____ Gastroparesis
- ✓ Other gastro-intestinal injuries (specify): Chronic vomiting, nausea, and abdominal pain
- _____ Ileus
- _____ Ischemic Bowel/Ischemic Colitis
- _____ Intestinal Obstruction
- _____ Necrotizing Pancreatitis
- _____ Gallbladder Injury (specify): _____
- _____ Micronutrient Deficiency
- _____ Wernicke's encephalopathy
- _____ Aspiration
- _____ Death
- _____ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

February 2024.

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    ✓    Injury to self

          Injury to person represented

    ✓    Economic loss

          Wrongful death

          Survivorship

          Loss of services

          Loss of consortium

          other(s) (specify):

## CAUSES OF ACTION

19.     In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

| | | |
|---|---|---|
| ✓ | Court I: | Failure to Warn – Negligence |
| ✓ | Count II: | Failure to Warn – Strict Liability |
| ✓ | Count III: | Breach of Express Warranty/Failure to Conform to Representations |
| ✓ | Count IV: | Breach of Implied Warranty |
| ✓ | Count V: | Fraudulent Concealment/Fraud by Omission |
| ___ | Count VI: | Fraudulent/Intentional Misrepresentation |
| ✓ | Count VII: | Negligent Misrepresentation/Marketing |
| ✓ | Count VIII: | Strict Product Liability Misrepresentation/Marketing |
| ___ | Count IX: | Innocent Misrepresentation/Marketing |
| ✓ | Count X: | Unfair Trade Practices/Consumer Protection (see below) |
| ✓ | Count XI: | Negligence |
| ✓ | Count XII: | Negligent Undertaking |
| ___ | Count XIII: | State Product Liability Act (see below) |
| ___ | Count XIV: | Wrongful Death |
| ___ | Count XV: | Loss of Consortium |
| ___ | Count XVI: | Survival Action |
| ___ | Other(s): | (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules): |

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

       W. Va. Code §§ 46A-6-102(7)(E), (G), (I), (L), (M); 46A-6-104; 46A-6-106.

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):

       See Attachment A.

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

        _____
        _____

    b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

        _____
        _____
        _____

    c. Identify the factual allegations supporting those claims:

        _____
        _____
        _____

*\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? _____. If so, attach such notice.

## **RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

## **JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: 2/6/2026

By: /s/ Melissa Ephron
Melissa Ephron
Lisa Lee
The Joel Bieber Firm
6806 Paragon Place, Suite 100
Richmond, VA 23230
Phone: (804) 358-2200
Fax: (804) 358-2262
mephron@joelbieber.com
llee@joelbieber.com

Melissa Fry Hague
The Joel Bieber Firm
Two Liberty Place
50 South 16th Street, Suite 1700
Philadelphia, PA 19102
mhague@joelbieber.com

*Counsel for Plaintiff*

## ATTACHMENT "A"

## UNFAIR TRADE PRACTICES / CONSUMER PROTECTION SUPPLEMENT

1. Plaintiff incorporates by reference the factual allegations in the Master Complaint and its paragraphs 850-65 as though set forth fully at length herein.

2. Plaintiff brings this claim against the Defendants identified in paragraph 5 of the Short Form Complaint ("Defendants").

3. Plaintiff brings this claim under the statute, and relevant subsections, identified in Paragraph 20(a) of the Short Form Complaint (the "Statute").

4. The West Virginia Consumer Credit and Protection Act ("West Virginia CCPA" or the "Statute") prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]." W. Va. Code § 46A-6-104.

5. Plaintiff and/or Defendants are "persons" under the Statute.

6. Plaintiff is a consumer who purchased one or more GLP-1 RA Products for personal, family, and/or household purposes.

7. Defendants are the suppliers, manufacturers, advertisers, and/or sellers of the GLP-1 RA Products, subject to liability under the Statute for fraudulent, unfair, deceptive, and unconscionable consumer sales practices.

8. Defendants designed, manufactured, assembled, inspected, tested (or not), packaged, labeled, marketed, advertised, promoted, supplied, distributed, sold and/or otherwise placed the GLP-1 RA Products into the stream of commerce, and therefore owed not only a duty of reasonable care to avoid causing harm to those that consumed it, such as Plaintiff, but also separate and independent statutory duties to be truthful, fair, accurate, and to not mislead or deceive consumers in connection with the sale of GLP-1 RA Products.

1

9. Defendants marketed and advertised the GLP-1 RA Products to consumers, physicians, and other healthcare entities in West Virginia. In addition, Defendants sold the GLP-1 RA Products to residents of West Virginia; shipped GLP-1 RA Products to West Virginia; and otherwise engaged in trade or commerce, or conducted business, related to the GLP-1 RA Products in West Virginia. Defendants' misconduct described herein significantly affected West Virginia consumers.

10. As alleged in the Master Complaint, Defendants engaged in unfair competition or unfair, deceptive, misleading, false, fraudulent, or unconscionable acts or practices in violation of the Statute by, among other things:

    a. Misleading consumers regarding the safety risks associated with use of their GLP-1 RA Products and overstating the weight-loss benefits and understating risks from using the GLP-1 RA Products;

    b. Excessively advertising, marketing and overpromoting their GLP-1 RA Products, including turbo-charging the pre-existing extensive direct-to-consumer marketing campaign with use of telehealth providers and promoting the drugs off-label; and

    c. Failing to disclose that they performed research and testing in a manner that would lead to under-reporting of the severe risks of using the GLP-1 RA Products.

11. As described in the Master Complaint, including in the paragraphs cited in paragraph 856 of the Master Complaint as well as paragraphs 447 through 576 of the Master Complaint, at all relevant times, Defendants knew or should have known, including from preclinical trials, premarket clinical trials, post-market surveillance, adverse event reports, and published scientific papers, that the GLP-1 RA Products posed serious health risks to users. Despite this knowledge, Defendants continued to mislead consumers by omitting, understating, or downplaying risks associated with use of their GLP-1 RA Products.

12. As described in the Master Complaint, including in paragraphs 577 through 601 of the Master Complaint, at all relevant times, Defendants knew or should have known that their GLP-1 RA Products are not as effective for weight loss as Defendants claimed. Despite espousing significant weight-loss benefits, Defendants knew that the average person loses only a small percentage of their body weight while on GLP-1 RA Products, a significant percentage of patients experience minimal to no weight loss, many people stop taking GLP-1 RA Products relatively quickly, and many people who discontinue use gain back as much as — or more than — the weight they lost while using the GLP-1 RA Products. Despite this knowledge, Defendants continued to mislead consumers by overstating the products' weight-loss benefits.

13. The information referenced above that Defendants misrepresented, concealed and did not disclose, was material. A reasonable person, including Plaintiff, would find that information, which was related to their health and well-being, such as the serious adverse health risks associated with the use of the GLP-1 RA Products and the limits of the products' efficacy, to be important when deciding whether to purchase and/or use the GLP-1 RA Products.

14. Defendants intentionally concealed the foregoing material information from consumers, users, prescribers, physicians and other health care providers, including Plaintiff and Plaintiff's health care providers, because to do otherwise would have resulted in fewer prescriptions written for, and fewer purchases of, the GLP-1 RA Products.

15. Defendants violated the Statute by failing to disclose the material health and safety information regarding the GLP-1 RA Products discussed above to consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

16. Defendants violated the Statute by making numerous representations about the weight-loss benefits of taking GLP-1 RA Products while concealing additional information related to the purported weight-loss benefits from consumers, users, physicians, health care providers and others, including Plaintiff and Plaintiff's health care providers, in any of Defendants' marketing and promotional materials, advertising, packaging, labeling, websites, and/or any other public communication.

17. Plaintiff has diabetes and was prescribed a GLP-1RA product for diabetes management.

18. Defendants knew that the misrepresentations, omissions and concealment of material safety and efficacy information in the GLP-1 RA Products' packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures rendered them false, deceptive, inadequate, and misleading.

19. By consistently and pervasively understating the risk and overstating the benefits of taking GLP-1 RA Products, Defendants engaged in unfair, deceptive and/or fraudulent acts in violation of the statute by, among other things: (a) representing that the GLP-1 RA Products have characteristics, uses, or benefits that they do not have; (b) representing that the GLP-1 RA Products are of a particular standard, quality, or grade, when they are not; (c) advertising the GLP-1 RA Products with intent not to sell them as advertised; (d) engaging in any other conduct which similarly creates a likelihood of confusion or of misunderstanding; and (e) the act, use or employment of any deception, fraud, false pretense, false promise or misrepresentation, or the concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of the GLP-1 RA Products. W. Va. Code § 46A-6-102(7)(E), (G), (I), (L), (M); § 46A-6-104.

20. In violation of the Statute, Defendants' conduct described herein constitutes the knowing and willful act, use, or employment of deception, false promise, misrepresentation, and unfair practices, and the concealment, suppression, and omission of material facts in connection with the sale and advertisement of goods, merchandise and/or consumer merchandise (*i.e.*, the GLP-1 RA Products), in trade or commerce, and was done with the intention that consumers such as Plaintiff would rely upon such conduct in purchasing or using the GLP-1 RA Products.

21. Defendants' conduct was fraudulent and deceptive because the material misrepresentations and omissions had the capacity or tendency to deceive and, in fact, did deceive reasonable consumers, including Plaintiff.

22. Plaintiff justifiably relied on Defendants' misrepresentations and omissions and if Plaintiff had known the information that Defendants withheld and concealed, Plaintiff would not have purchased or used the GLP-1 RA Products.

23. As a result of such deceptive packaging, labels, advertisements, promotional materials, websites, and other communications and disclosures, Plaintiff purchased and/or used the GLP-1 RA Products in justifiable and reasonable reliance on Defendants misrepresentations and omissions. Defendants expected or should have expected reasonable consumers to rely on these misrepresentation and omissions, in part, because the omitted information directly relates to consumers' health and well-being.

24. Plaintiff at all times acted as a reasonable consumer in relying upon Defendants' misrepresentations and material omissions concerning Defendants' GLP-1 Products in choosing to purchase and/or consume the GLP-1 RA Products prescribed by their health care provider.

25. The actions and omissions of Defendants are uncured or incurable.

26.     As alleged above, Defendants had actual knowledge of the defective and dangerous condition of the GLP-1 RA Products and failed to take any action to cure those conditions.

27.     As a direct and proximate result of Defendants' misconduct described herein, Plaintiff has suffered serious injuries, economic and non-economic losses, and other damages, all of which can be calculated with a reasonable degree of certainty using sufficiently definitive and objective evidence, including those set forth in paragraphs 16 to 18 in the Short Form Complaint. Accordingly, pursuant to the Statute, Plaintiff seeks to recover statutory, exemplary, treble, and/or punitive damages, costs of suit, and attorneys' fees, and equitable relief as appropriate, and all such other relief as the Court deems proper.

28.     To the extent that any pre-suit notice was required, Plaintiff has complied or substantially complied with all applicable notice requirements or is otherwise excused from compliance for this proceeding. Defendants had notice of their violations for years including lawsuits dating back to 2023. In response, Defendants refused to acknowledge and cure the violations alleged herein in a manner that would compensate Plaintiff for the losses Plaintiff has suffered as a result of the misconduct alleged herein. Therefore, any additional notice would be futile.